UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE L.

    Plaintiff,

   -v-        5:24-CV-193

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:        OF COUNSEL:

HILLER COMERFORD INJURY   JUSTIN M. GOLDSTEIN, ESQ.
 & DISABILITY LAW
Attorneys for Plaintiff
6000 North Bailey Avenue,
Suite 1a
Amherst, NY 14426


SOCIAL SECURITY       VERNON NORWOOD, ESQ.
 ADMINISTRATION
Attorneys for Defendant
Office of the General Counsel
6401 Security Boulevard
Baltimore, MD 21235

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On February 8, 2024, plaintiff Christine L.[1] ("plaintiff") filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act (the "Act") seeking judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying her application for benefits. Dkt. No. 1.  Plaintiff also filed for leave to proceed *in forma pauperis* ("IFP Application"), which was granted.  Dkt. No. 3, 7.

Because plaintiff did not consent to the jurisdiction of a United States Magistrate Judge, Dkt. No. 4, the matter was referred to U.S. Magistrate Judge Thérèse Wiley Dancks for a Report & Recommendation ("R&R").  Dkt. No. 5.

On May 9, 2024, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 8, and the parties proceeded to brief the matter in accordance with General Order 18, which provides that a district court appeal from the Commissioner's administrative denial of benefits be treated as if the parties have filed cross-motions for judgment on the pleadings, Dkt. Nos. 5, 13, 18, 19.

On September 30, 2025, Judge Dancks advised by R&R that the plaintiff's motion be denied, that the Commissioner's motion be granted, and

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be mentioned in this opinion.

that the Commissioner's determination denying benefits be affirmed. Dkt. No. 20. Judge Dancks advised that the Administrative Law Judge's ("ALJ") decision "plainly demonstrates the ALJ considered the supportability and consistency factors of the medical opinions and prior administrative medical findings [("PAMFs")] with the record as a whole", including "a thorough discussion of Plaintiff's medical records, the consultative examinations, Plaintiff's activities of daily living, and her testimony." *Id*. at 11–12.[2] As to the supportability facotr, Judge Dancks advised that plaintiff has failed to set forth "a persuasive reason why the ALJ's supportability rationale was improper as to" a consultative examination performed by Dr. Lorensen. *Id*. at 14. In addition, Judge Dancks advised that, while plaintiff objects to the ALJ's "relatively brief" explanation as to the supportability of the PAMFs of State agency reviewing physicians Drs. Putcha and Vazquez Gonzalez, a supportability explanation which merely sets forth that the PAMF was "supported by a detailed narrative rationale" is sufficient in this Circuit. *Id*. at 14. As to the consistency factor, Judge Dancks advised the ALJ properly detailed that Pucha, Lorensen, and Vazquez Gonzelez each produced opinions that were consistent with one another and consistent with plaintiff's broad [array] of daily activities." *Id*. at 15.

---

[2] Pagination corresponds to CM/ECF headers.

Turning to plaintiff's mental RFC determination, Judge Dancks advised that substantial evidence existed to support the ALJ's findings and that the ALJ did not rely on her own lay opinion in determining plaintiff's RFC. *Id.* at 24. In support, Judge Dancks found that plaintiff's daily activities, as evidenced from the record, aligned with the ALJ's finding. *Id.* Further, Judge Dancks advised that the ALJ considered the opinions of Drs. Bruni, Noia, and Haus, finding that they: had some persuasive value; were supported by a review of the record; and were sufficiently consistent with each other and with the mental status examinations on the record. *Id.* at 23. Insofar as plaintiff takes issue with the ALJ's finding that Dr. Noia's opinion was consistent with the mental status examinations on the record, Judge Dancks advised that, contrary to plaintiff's assertions, the ALJ carefully reviewed the record in concluding that the clinical findings they relied upon were consistent with Dr. Noia's findings. *Id.* at 25–26.

Finally, Judge Dancks advised that the ALJ's conclusion that the medical opinion of Dr. Kwicklis was unpersuasive was correct. *Id.* at 29. Judge Dancks advised that an ALJ is permitted to discount a physician's opinion in light of the record. *Id.* at 30. Further, Judge Dancks advised that the ALJ did not discount Dr. Kwicklis' opinion solely based on plaintiff's daily living activities, but rather upon having properly considered the consistency and

supportability of the opinion against other opinions in the record as well as the record itself.  *Id.* at 32.

Plaintiff has lodged an objection.  Dkt. No. 21.  *First*, plaintiff objects to Judge Dancks' finding that the ALJ did not err in her evaluation of the PAMFs of Drs. Putcha or Vazquez Gonzelez or the consultative examination conducted by Dr. Lorensen in reaching the physical portion of the residual functional capacity ("RFC") determination.  *Id.* at 1.  Plaintiff argues the ALJ failed to identify substantial evidence supporting the RFC finding and failed to apply the supportability factor to the PAMFs of Putcha and Vazquez Gonzalez and failed to apply the consistency factor to the opinion of Lorensen or to the PAMFs of Putcha and Vazquez Gonzalez.  *Id.* at 1–10.

*Next*, plaintiff objects to Judge Dancks' finding that the mental portion of plaintiff's RFC finding was supported by substantial evidence.  *Id.* at 10.  Plaintiff contends that the ALJ erred by relying upon a mischaracterization of the record in concluding that plaintiff's mental status examinations were normal and engaged in "impermissible cherry picking."  *Id.* at 11.  *Finally*, plaintiff objects to Judge Dancks' finding that the ALJ did not err in finding Dr. Kwicklis' opinion to be unpersuasive.  *Id.* at 14.  Plaintiff argues that the ALJ cherry-picked the record and did not apply a "factually accurate analysis" of Dr. Kwicklis' record under the supportability and consistency

factors. *Id.* Upon *de novo* review, Judge Dancks' R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED; and

4. The Commissioner's final decision denying plaintiff's benefits is AFFIRMED;

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

_____
David N. Hurd
U.S. District Judge

Dated: November 25, 2025
       Utica, New York.